**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Eleetra Sharah El,

    Plaintiff,

    vs.

Hamilton County, Ohio et al.,

    Defendants.

Case No. 1:15-cv-797

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff brings this *pro se* action against Hamilton County, Tracey Winkler, Hamilton County Clerk of Courts, Jill A. Keck, Esq, David W. Nelms and Richard Bernat.    By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.   This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.   *See* 28 U.S.C. § 1915(e)(2)(B). Upon careful review, the undersigned finds that this action should be dismissed because Plaintiff fails to state any claim upon which relief many be granted.

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).   Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Here, Plaintiff's "complaint" consists of a Notice of Removal, Exhibits, State Court Notice of Removal, Civil Cover Sheet and Supplemental Civil Cover Sheet all of which total 62 pages. (Doc. 1, Exs. 1-5). The Court is interpreting the Notice of Removal as a

complaint.    Plaintiff claims to be a member of the Moorish National Republic and the Moorish Divine and National Movements of the World.   Plaintiff's proposed complaint appears to assert that the Court has federal question jurisdiction and diversity jurisdiction. Plaintiff's grievances appear to arise out of collection proceedings instituted by Discover Bank in Hamilton County Municipal Court.   Plaintiff purportedly asserts that she is not obligated to repay her Discover Card debt and/or be subjected to the state court collection action because of her status as a Moorish citizen.   Plaintiff's contention lacks merit. *See U.S. v. Burris*, 231 F. App'x 281, 281 (4th Cir. 2007) (per curiam) (Michael, Traxler, Gregory) ("Counsel first notes that Burris 'only wanted to argue that the court lacked jurisdiction because of his status as a Moorish American national.' This claim is patently frivolous.") (citation to brief omitted*); US v. Toader*, Nos. 09–3787 & 09–4100, 2010 WL 4780362, *3 (7th Cir. Nov.24, 2010) (per curiam) (C.J.Easterbrook, Wood, Tinder) ("Borlea argues that the federal courts lack subject matter jurisdiction over him because he is a Native Asiatic Moorish National Citizen. This argument is frivolous.") (footnote 1 omitted); *Mikell v. US*, Nos. CV609–065 & CV606–026, 2011 WL 83095, *1 n. 2 (S.D. Ga. Jan. 26, 2011) (George R. Smith, M.J.) ("His ... filing will also be disregarded as non-sensical, as it pivots off his declaration that he is a 'Moorish' descendant over whom the United States has no jurisdiction."), R & R adopted, 2011 WL 833550 (S.D.Ga. Mar.3, 2011).

Further, the majority of Plaintiff's "complaint" consists of factual allegations that are illogical and incomprehensible.   The complaint provides no factual content or context from which the Court may reasonably infer that the Defendants violated Plaintiff's rights.

3

Even if some sense could be made of the allegations, Hamilton County, Ohio is a location. It cannot be properly named as a defendant.   Moreover, Richard Bernat is a Municipal Court Judge who is entitled to judicial immunity.   Also, the Clerk of Court, Tracey Winkler would be entitled to quasi-judicial immunity.  *See Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir.1988)("It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions."). *See also Bush v. Rauch*, 38 F.3d 842, 848 (6th Cir.1994) "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune); *Lyle v. Jackson*, 49 Fed. Appx. 492, 494 (6th Cir.2002) (court clerks entitled to quasi-judicial immunity).

Jill Keck is a local attorney who is not mentioned in what appears to be the "allegation" section of the complaint.  Nor is David Nelms, who Plaintiff states is the Chairman and CEO of Discover Financial Services.

Finally, if the Court incorrectly assumed that Plaintiff's "Notice of Removal" was in fact not a complaint but an actual Notice of Removal of the pending state case of *Discover Bank v. Eleetra S. Martin*, Case No. 15-cv-12542, such notice is deficient and must be dismissed as the removing party failed to file the underlying state court complaint as well as any answers and motions that may be pending.   See 28 U.S.C. § 1446.   Moreover, 28 U.S.C. § 1446(b) requires removal within 30 days of receipt of the initial pleading. The instant Notice of Removal was filed on December 16, 2015, however, the defendant Eleetra S. Martin (presumably an alias for Eleetra Sharah-El) filed an answer in the state

case on September 14, 2015. Thus, removal is not timely and should be dismissed for that reason.

Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. §1915(e)(2)(B).

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief.   It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Eleetra Sharah El,

      Plaintiff,

      vs.

Hamilton County, Ohio et al.,

      Defendants.

Case No. 1:15-cv-797

Dlott, J.
Bowman, M.J.


**NOTICE**

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6